CHARLES K. CHINEDUH (SBN 273258)
Charles.Chineduh@maynardnexsen.com
MAYNARD NEXSEN LLP
2121 Avenue of the Stars, Suite 650
Los Angeles, CA 90067
Telephone: 310.596.4500

BRANDON N. ROBINSON (Admitted *Pro Hac Vice*)
brandon.robinson@maynardnexsen.com
S. REEVES JORDAN (*Pro Hac Vice* pending)
rejordan@maynardnexsen.com
MAYNARD NEXSEN PC
1901 Sixth Avenue North, Suite 1700
Birmingham, AL 35203
Telephone: 205.254.1000

Attorneys for Defendant
AMERITAS MUTUAL HOLDING COMPANY

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

TIMOTHY AUGUST, individually and on behalf of all others similarly situated,

Plaintiff,

v.

AMERITAS MUTUAL HOLDING COMPANY,

Defendant.

Case No.: 3:26-cv-3812-WHO

(Assigned to Hon. William H. Orrick; Courtroom 2 – 17th Floor)

**DEFENDANT AMERITAS MUTUAL HOLDING COMPANY'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

## ANSWER TO COMPLAINT

Defendant Ameritas Mutual Holding Company ("Ameritas") hereby answers the Complaint of Plaintiff Timothy August ("Plaintiff").

Unless expressly admitted, Ameritas denies every allegation in the Complaint—including any allegations in the unnumbered and numbered paragraphs, titles, headings, subheadings, footnotes, exhibits, and any characterization of documents—and incorporates that denial into each response below. An admission to a portion of an allegation does not constitute an admission to the remainder of the allegation.

## INTRODUCTION[1]

1. Ameritas denies the allegations in paragraph 1.

2. Ameritas denies the allegations in paragraph 2.

3. In response to the allegations in paragraph 3, Ameritas states that its website at www.ameritas.com ("the Website") speaks for itself and denies the allegations in this paragraph to the extent they are inconsistent with the Website.

4. Ameritas denies the allegations in paragraph 4.

5. In response to the allegations in paragraph 5, Ameritas states that the Privacy Policy on the Website speaks for itself and denies the allegations in this paragraph to the extent they are inconsistent with the Privacy Policy.

6. In response to the allegations of paragraph 6, Ameritas admits there are third-party cookies and trackers on users' browsers after users opt out of "Marketing" and "Analytics" cookies. As to the allegations that characterize the Privacy Policy, Ameritas states that the Privacy Policy speaks for itself and denies the allegations in this paragraph to the extent they are inconsistent with the Privacy Policy. Ameritas further admits that some cookies and trackers may have transmitted online identifiers such as proxy IDs. Ameritas otherwise denies the allegations in paragraph 6 as to information shared with third parties.

---

[1] Captions and headings are copied from the Complaint and are used for clarity only. To the extent required, Ameritas denies any allegations contained therein.

7. Ameritas admits that some Third-Party Trackers are used on the Website. Ameritas otherwise denies the allegations in paragraph 7.

8. Ameritas denies the allegations in paragraph 8.

9. Ameritas denies the allegations in paragraph 9.

10. Ameritas denies the allegations in paragraph 10.

11. Ameritas denies the allegations in paragraph 11.

12. Ameritas denies the allegations in paragraph 12.

13. Ameritas denies the allegations in paragraph 13.

**THE PARTIES**

14. In response to paragraph 14, Ameritas admits upon information and belief that Plaintiff is a natural person and a citizen of California, that Plaintiff is a customer of Ameritas, and that Plaintiff has dental, hearing, and vision insurance through Ameritas. Ameritas expressly denies that Plaintiff is a "victim" of "unauthorized disclosure of his private identifying and financial information to Third Parties, despite Plaintiff August's express instruction not to disclose his information and Defendant's contractual promise not to do so." Ameritas is without sufficient information to admit or deny the allegations concerning Plaintiff's use of Ameritas's website. Any remaining allegations in this paragraph are denied.

15. Ameritas admits the allegations in paragraph 15.

**JURISDICTION AND VENUE**

16. In response to paragraph 16, Ameritas admits only that this Court has personal jurisdiction over Ameritas for this action. Ameritas denies that it or its agents committed tortious acts. Any remaining allegations in this paragraph are denied.

17. In response to paragraph 17, Ameritas admits it conducts business within the State of California. Ameritas denies that it caused "injuries, damages, and/or harm" to Plaintiff. Any remaining allegations in this paragraph are denied.

18. In response to paragraph 18, Ameritas admits upon information and belief that Plaintiff resides in Mendocino County, State of California. Ameritas denies that it "illegally shared his sensitive financial and identifying information with Third Parties." Ameritas is without sufficient

information to admit or deny the allegations concerning Plaintiff's use of Ameritas's website. Any remaining allegations in this paragraph are denied.

**<u>COMMON FACTUAL ALLEGATIONS</u>**

19. Ameritas admits the allegations in paragraph 19.

20. In response to paragraph 20, Ameritas states that the allegation that "Defendant encourages prospective and existing customers to use its website" is vague and unclear, and Ameritas therefore denies the allegation on that basis. Ameritas admits that a prospective customer may enter his or her ZIP code by clicking on either the button "Find an Affordable Plan for you" or the hyperlink "Invest in your health." Ameritas denies that either website page "prompts" the visitor to enter a ZIP code; rather, each page contains a box where a visitor may enter a ZIP code, but the visitor may also browse the page and click on multiple other hyperlinks without entering a ZIP code. Ameritas further states that the Website speaks for itself and denies the allegations in this paragraph to the extent they are inconsistent with the Website.

21. Ameritas admits the allegations in paragraph 21.

22. In response to paragraph 22, Ameritas states that a prospective customer is prompted to enter his or her personal email address only after the customer selects a specific dental plan and/or vision plan, and clicks the "Review and Purchase" button. Ameritas further states that a prospective customer may also select "Continue Without Email" at that point.

23. In response to paragraph 23, Ameritas denies that a "page of plans" is shown to a prospective customer after a prompt to enter a personal email address. Rather, the prospective customer must select a specific dental plan and/or vision plan and then click the "Review and Purchase" button before being prompted to enter a personal email address.

24. In response to paragraph 24, Ameritas states that the Website speaks for itself and denies the allegations in this paragraph to the extent they are inconsistent with the Website. Any remaining allegations in this paragraph are denied.

25. Ameritas admits that some of the claims information collected directly by Ameritas via some of the described screens may be sensitive or private, but denies that any of this information is shared publicly. Otherwise, the allegations in this paragraph are denied.

26. In response to paragraph 26, Ameritas denies that it "encourages" website visitors and users to enter "sensitive and private health information". Ameritas admits that customers and visitors may enter information "about their insured status, health insurance needs, number of dependents in their family, and when and how often they receive medical treatment and seek reimbursement from insurance as a result" in order for Ameritas to process a claim. Ameritas further states that the Website speaks for itself and denies the allegations in this paragraph to the extent they are inconsistent with the Website.

27. Ameritas denies the allegations in paragraph 27.

28. Ameritas admits that it is useful to "discuss how trackers and cookies work in general" but denies the other allegations in paragraph 28.

29. In response to paragraph 29, Ameritas states that this paragraph consists of broad statements about the functioning of some but not all websites, to which no response is required. To the extent a response is required, Ameritas denies the allegations in this paragraph.

30. In response to paragraph 30, Ameritas states that the first two sentences are generally accurate as to the functioning of some but not all websites, to which no response is required. To the extent a response is required, Ameritas denies the allegations in this paragraph and specifically denies the allegation that the POST request to Ameritas's web server necessarily contains the information entered into the Website.

31. In response to paragraph 31, Ameritas states that this paragraph is overgeneralized and consists of broad statements about the functioning of some but not all trackers, to which no response is required. To the extent a response is required, Ameritas denies the allegations in this paragraph.

32. In response to paragraph 32, Ameritas states that this paragraph is overgeneralized and consists of broad statements about the functioning of some but not all websites, to which no response is required. To the extent a response is required, Ameritas denies the allegations in this paragraph.

33. Ameritas denies the allegations in paragraph 33.

34. In response to paragraph 34, Ameritas states that this paragraph is overgeneralized and consists of broad statements about the functioning of some but not all cookies, to which no response is required. To the extent a response is required, Ameritas denies the allegations in this paragraph.

35. In response to paragraph 35, Ameritas states that this paragraph consists of overgeneralizations about cookies, and denies that all third-party cookies "persist across multiple sessions and webpage". Ameritas otherwise denies the allegations in this paragraph.

36. In response to paragraph 36, Ameritas states that this paragraph consists of broad statements about the functioning of some trackers and cookies and denies the allegations therein. As to the necessity of "custom software" to reveal cookies and trackers, Ameritas specifically denies the allegations.

37. In response to paragraph 37, Ameritas states that this paragraph consists of broad statements about the functioning of some websites, to which no response is required. To the extent a response is required, Ameritas denies the allegations in this paragraph. Ameritas specifically denies the allegation that all third-party trackers "instantaneously intercept and duplicate communications sent between the visitor's browser and the website's server."

38. In response to paragraph 38, Ameritas states that this paragraph consists of broad statements about the functioning of some websites and the beliefs of website visitors, to which no response is required. To the extent a response is required, Ameritas denies the allegations in this paragraph.

39. Ameritas denies the allegations in paragraph 39.

40. In response to paragraph 40, Ameritas states that the purported survey cited by Plaintiff speaks for itself and denies the allegations in this paragraph to the extent they are inconsistent with the survey. Ameritas denies the remaining allegations in this paragraph.

41. Ameritas denies the allegations in paragraph 41.

42. Ameritas states that paragraph 42 consists of broad statements about the functioning of some websites, to which no response is required. To the extent a response is required, Ameritas denies the allegations in this paragraph.

43. In response to paragraph 43, Ameritas states that it lacks knowledge or information sufficient to form a belief about others' mindsets about particular types of information, and therefore denies the allegations in this paragraph.

44. In response to the allegations in paragraph 44, Ameritas admits that the Website displays a "cookie banner" but denies the allegations to the extent they are inconsistent with the banner. Ameritas denies the remaining allegations in paragraph 44.

45. Ameritas denies the allegations in paragraph 45.

46. In response to paragraph 46, Ameritas admits that a cookie banner appears as a pop-up overlay displayed on all pages of the Website and remains unless the visitor makes a selection on the banner or clicks an "X" button on the right side. Ameritas further states the "cookie banner" speaks for itself. As to Plaintiff's characterization of how visitors might understand the significance of the buttons, Ameritas is without sufficient information to admit or deny these allegations, and therefore denies them.

47. In response to paragraph 47, Ameritas admits that as of approximately June 2026, if a customer clicked on the "Cookie Settings" button, a popup appeared that substantially resembled the screenshot inserted by Plaintiff. However, the banner contained links to both the cookie policy and online privacy policy where such cookies and trackers were disclosed. Otherwise, Ameritas admits the allegations in this paragraph.

48. Ameritas denies the allegations in paragraph 48.

49. In response to paragraph 49, Ameritas states that the Privacy Policy speaks for itself and denies the allegations in this paragraph to the extent that they are inconsistent with the Privacy Policy.

50. Ameritas denies the allegations in paragraph 50.

51. Ameritas denies the allegations in paragraph 51, including subparts (a.) – (g.).

52. Ameritas denies the allegations in paragraph 52, including subparts (a.) – (b.).

53. In response to paragraph 53, Ameritas states that this paragraph consists of broad and overgeneralized statements about the functioning of some website technologies, to which no response is required. To the extent a response is required, Ameritas denies the allegations in this paragraph.

54. In response to paragraph 54, Ameritas states that this paragraph consists of broad statements about the functioning of Meta's technology, to which no response is required. To the extent a response is required, Ameritas denies the allegations in this paragraph.

55. Ameritas denies the allegations in paragraph 55.

56. Ameritas denies the allegations in paragraph 56.

57. In response to paragraph 57, Ameritas states that this paragraph consists of excerpts from purported online media articles. The articles speak for themselves, and Ameritas denies the allegations in this paragraph to the extent that they are inconsistent with the articles.

58. In response to paragraph 58, Ameritas states that this paragraph consists of an excerpt from a purported online media article. The article speaks for itself, and Ameritas denies the allegations in this paragraph to the extent that they are inconsistent with the article.

59. In response to paragraph 59, Ameritas states that the purported online media article quoted speaks for itself, and Ameritas denies the allegations in this paragraph to the extent that they are inconsistent with the article. Ameritas denies the remaining allegations in this paragraph.

60. In response to paragraph 60, Ameritas states that this paragraph consists of purported excerpts from webpages. The webpages speak for themselves, and Ameritas denies the allegations in this paragraph to the extent that they are inconsistent with the webpages.

61. In response to paragraph 61, Ameritas states that this paragraph consists of purported excerpts from webpages. The webpages speak for themselves, and Ameritas denies the allegations in this paragraph to the extent that they are inconsistent with the webpages.

62. In response to paragraph 62, Ameritas states that this paragraph consists of purported excerpts from webpages. The webpages speak for themselves, and Ameritas denies the allegations in this paragraph to the extent that they are inconsistent with the webpages.

63. Ameritas is without sufficient information to admit or deny the allegations in paragraph 63, and therefore denies them.

64. Ameritas denies the allegations in paragraph 64.

65. In response to paragraph 65, Ameritas states that this paragraph primarily consists of Plaintiff providing his own definition for a term, to which no response is required. To the extent a response is required, Ameritas denies the allegations in this paragraph.

66. In response to paragraph 66, Ameritas states that the Website speaks for itself and denies the allegations in this paragraph to the extent they are inconsistent with the Website.

67. In response to paragraph 67, Ameritas states that the Website speaks for itself and denies the allegations in this paragraph to the extent they are inconsistent with the Website. Ameritas expressly denies that it discloses “the information that visitors provide on these pages to Third Parties.”

68. In response to paragraph 68, Ameritas states that the Website speaks for itself and denies the allegations in this paragraph to the extent they are inconsistent with the Website. Ameritas expressly denies that this information is “disclosed to Third Parties via this shopping process.” Ameritas otherwise denies any remaining allegations in this paragraph.

69. In response to paragraph 69, Ameritas states that the Website speaks for itself and denies the allegations in this paragraph to the extent they are inconsistent with the Website. Ameritas otherwise denies the allegations in this paragraph.

70. In response to paragraph 70, Ameritas states that the Website speaks for itself and denies the allegations in this paragraph to the extent they are inconsistent with the Website.

71. In response to paragraph 71, including subparts (a.) – (e.), Ameritas states that the Website speaks for itself and denies the allegations in this paragraph to the extent they are inconsistent with the Website. Any remaining allegations in paragraph 71 including subparts (a.) – (e.) are denied.

72. Ameritas denies the allegations in paragraph 72.

73. Ameritas denies the allegations in paragraph 73.

74. In response to paragraph 74, Ameritas states that this paragraph consists of an excerpt from a court order. The order speaks for itself, and Ameritas denies the allegations in this paragraph to the extent that they are inconsistent with the order.

75. In response to paragraph 75, Ameritas states that this paragraph consists of a purported paraphrase of a magazine article. The article speaks for itself, and Ameritas denies the allegations in this paragraph to the extent that they are inconsistent with the article.

76. In response to paragraph 76, Ameritas states that this paragraph consists of a purported excerpt from an online article. The article speaks for itself, and Ameritas denies the allegations in this paragraph to the extent that they are inconsistent with the article.

///

77. Ameritas lacks sufficient information to admit or deny the allegations in paragraph 77, and therefore denies them.

78. Ameritas denies the allegations in paragraph 78.

79. Ameritas denies the allegations in paragraph 79.

80. Ameritas denies the allegations in paragraph 80.

81. Ameritas denies the allegations in paragraph 81.

82. Ameritas denies the allegations in paragraph 82.

83. Ameritas lacks sufficient information to admit or deny the allegation in this paragraph describing what Plaintiff "anticipates." To the extent a response is required, Ameritas denies the allegations.

84. In response to paragraph 84, Ameritas states that this paragraph consists of broad characterizations and hypothetical statements and does not require a response. To the extent a response is required, Ameritas states that it is without sufficient information to admit or deny the allegations in this paragraph.

85. In response to paragraph 85, Ameritas states that this paragraph consists of purported paraphrases and excerpts from a statute. The statute speaks for itself, and Ameritas denies the allegations in this paragraph to the extent that they are inconsistent with the statute.

86. Ameritas denies the allegations in paragraph 86.

87. In response to paragraph 87, Ameritas states that this paragraph consists of broad characterizations and hypothetical statements and does not require a response. To the extent a response is required, Ameritas states that it is without sufficient information to admit or deny the allegations in this paragraph.

88. In response to paragraph 88, Ameritas states that this paragraph consists of a general description of federal regulations. The regulations speak for themselves, and Ameritas denies the allegations in this paragraph to the extent that they are inconsistent with the regulations.

89. In response to paragraph 89, Ameritas states that this paragraph consists of excerpts from a regulatory document. The document speaks for itself, and Ameritas denies the allegations in this paragraph to the extent that they are inconsistent with the document.

90. In response to paragraph 90, Ameritas states that this paragraph consists of a general description of a federal bulletin. The bulletin speaks for itself, and Ameritas denies the allegations in this paragraph to the extent that they are inconsistent with the bulletin.

91. In response to paragraph 91, Ameritas states that this paragraph consists of excerpts from a federal bulletin. The bulletin speaks for itself, and Ameritas denies the allegations in this paragraph to the extent that they are inconsistent with the bulletin.

92. In response to paragraph 92, Ameritas states that this paragraph consists of excerpts from a federal bulletin. The bulletin speaks for itself, and Ameritas denies the allegations in this paragraph to the extent that they are inconsistent with the bulletin.

93. Ameritas denies the allegations in paragraph 93.

94. In response to paragraph 94, Ameritas states that this paragraph consists of purported excerpts from a news release. The news release speaks for itself, and Ameritas denies the allegations in this paragraph to the extent that they are inconsistent with the news release.

95. In response to paragraph 95, Ameritas states that this paragraph consists of purported excerpts from a news release. The news release speaks for itself, and Ameritas denies the allegations in this paragraph to the extent that they are inconsistent with the news release.

96. Ameritas denies the allegations in paragraph 96.

97. In response to paragraph 97, Ameritas denies all allegations that it violated any law. Insofar as this paragraph consists of excerpts from a California statute, the statute speaks for itself, and Ameritas denies the allegations to the extent that they are inconsistent with the statute. All remaining allegations are denied.

98. Ameritas is without sufficient information to admit or deny the allegations in paragraph 98, and therefore denies them.

99. Ameritas is without sufficient information to admit or deny the allegations in paragraph 99, including subparts (a) – (f.), and therefore denies them.

100. Ameritas is without sufficient information to admit or deny the allegations in paragraph 100, including subparts (a.) – (b.), and therefore denies them.

///

101. Ameritas is without sufficient information to admit or deny the allegations in paragraph 101, and therefore denies them.

102. Ameritas is without sufficient information to admit or deny the allegations in paragraph 102, and therefore denies them.

103. Ameritas is without sufficient information to admit or deny the allegations in paragraph 103, and therefore denies them.

104. Ameritas is without sufficient information to admit or deny the allegations in paragraph 104, and therefore denies them.

105. In response to the allegations in paragraph 105, including subparts (a.) – (j.), Ameritas states that it is without sufficient information to admit or deny whether third-party trackers, to the extent they were installed and functioning on a given webpage, transmitted a unique proxy ID and the URLs for any of the pages and subdomains allegedly viewed by Plaintiff on the Website, and on that basis denies this allegation. Ameritas denies the remaining allegations in paragraph 105, including subparts (a) – (j.).

106. Ameritas is without sufficient information to admit or deny the allegations that Plaintiff used Ameritas's website to pay premiums and to manage his insurance products, and therefore denies them. Ameritas denies all remaining allegations in this paragraph.

107. Ameritas denies the allegations in paragraph 107.

108. Ameritas is without sufficient information to admit or deny what Plaintiff knew or did not know, nor what he would not have done under different knowledge, and thus denies the allegations in paragraph 108.

109. Ameritas denies the allegations in paragraph 109, including subparts (a.) – (j.).

## TOLLING, CONCEALMENT, AND ESTOPPEL

110. Paragraph 110 consists of legal conclusions, to which no response is required. To the extent a response is required, Ameritas denies the allegations in paragraph 110.

111. Ameritas denies the allegations in paragraph 111.

112. Ameritas denies the allegations in paragraph 112.

113. Ameritas denies the allegations in paragraph 113.

## CLASS ACTION ALLEGATIONS

114. Paragraph 114 consists of Plaintiff's description of the lawsuit, to which no response is required. Ameritas denies that any relief is warranted.

115. Paragraph 115 consists of Plaintiff's description of the proposed class, to which no response is required. Ameritas denies that any relief is warranted, whether individually or on a purported class-wide basis.

116. Paragraph 116 consists of Plaintiff's description of the proposed class, to which no response is required. Ameritas denies that any relief is warranted, whether individually or on a purported class-wide basis.

117. Paragraph 117 consists of statements about the proposed class, to which no response is required. Ameritas denies that any relief is warranted, whether individually or on a class-wide basis.

118. Paragraph 118 consists of legal conclusions, to which no response is required. To the extent a response is required, Ameritas denies the allegations in paragraph 118.

119. Paragraph 119, including subparts (a.) – (k.), consists of legal conclusions, to which no response is required. To the extent a response is required, Ameritas denies the allegations in paragraph 119, including subparts (a.) – (k.).

120. Paragraph 120 consists of legal conclusions, to which no response is required. To the extent a response is required, Ameritas denies the allegations in paragraph 120.

121. Paragraph 121 consists of legal conclusions, to which no response is required. To the extent a response is required, Ameritas denies the allegations in paragraph 121.

122. Paragraph 122 consists of legal conclusions, to which no response is required. To the extent a response is required, Ameritas denies the allegations in paragraph 122.

123. Paragraph 123 consists of legal conclusions, to which no response is required. To the extent a response is required, Ameritas denies the allegations in paragraph 123.

124. Paragraph 124 consists of legal conclusions, to which no response is required. To the extent a response is required, Ameritas denies the allegations in paragraph 124.

///

///

**COUNT 1**
**CALIFORNIA INVASION OF PRIVACY ACT**
**CAL. PEN. CODE § 631**

125. Ameritas re-alleges and incorporates its responses to the prior paragraphs.

126. In response to paragraph 126, Ameritas states that this paragraph consists of excerpts from a statute. The statute speaks for itself, and Ameritas denies the allegations in this paragraph to the extent that they are inconsistent with the statute.

127. In response to paragraph 127, including subparts (a.) – (d.), Ameritas states that this paragraph consists of excerpts from a statute. The statute speaks for itself, and Ameritas denies the allegations in this paragraph, including subparts (a.) – (d.), to the extent that they are inconsistent with the statute.

128. Ameritas denies the allegations in paragraph 128.

129. In response to paragraph 129, Ameritas states that this paragraph consists of citations to several court orders. The orders speak for themselves, and Ameritas denies the allegations in this paragraph to the extent that they are inconsistent with the orders.

130. Ameritas denies the allegations in paragraph 130.

131. Ameritas denies the allegations in paragraph 131.

132. Ameritas denies the allegations in paragraph 132.

133. Ameritas denies the allegations in paragraph 133, including subparts (a.) – (i.).

134. Ameritas denies the allegations in paragraph 134.

135. Ameritas denies the allegations in paragraph 135.

136. Ameritas denies the allegations in paragraph 136.

137. Ameritas denies the allegations in paragraph 137.

138. Paragraph 138 consists of a description of the relief sought by Plaintiff, to which no response is required. To the extent a response is required, Ameritas denies that any relief is warranted under the complaint.

**COUNT 2**
**CALIFORNIA INVASION OF PRIVACY ACT**
**CAL. PEN. CODE § 632**

139. Ameritas re-alleges and incorporates its responses to the prior paragraphs.

140. In response to paragraph 140, Ameritas states that this paragraph consists of excerpts from a statute. The statute speaks for itself, and Ameritas denies the allegations in this paragraph to the extent that they are inconsistent with the statute.

141. Ameritas denies the allegations in paragraph 141.

142. Ameritas denies the allegations in paragraph 142.

143. Ameritas denies the allegations in paragraph 143.

144. Paragraph 144 consists of a description of the relief sought by Plaintiff, to which no response is required. To the extent a response is required, Ameritas denies that any relief is warranted under the complaint.

**COUNT 3**
**CALIFORNIA INVASION OF PRIVACY ACT**
**CAL. PEN. CODE § 638.51 ET SEQ.**[2]

145. Ameritas re-alleges and incorporates its responses to the prior paragraphs.

146. In response to paragraph 146, Ameritas states that this paragraph consists of excerpts from a statute. The statute speaks for itself, and Ameritas denies the allegations in this paragraph to the extent that they are inconsistent with the statute.

147. Ameritas denies the allegations in paragraph 147.

148. In response to paragraph 148, Ameritas states that this paragraph consists of excerpts from a statute. The statute speaks for itself, and Ameritas denies the allegations in this paragraph to the extent that they are inconsistent with the statute.

149. Paragraph 149 consists of legal conclusions, to which no response is required. To the extent a response is required, Ameritas denies the allegations in paragraph 149.

150. In response to paragraph 150, Ameritas states that this paragraph consists of excerpts from a statute. The statute speaks for itself, and Ameritas denies the allegations in this paragraph to the extent that they are inconsistent with the statute.

---

[2] Since the filing of the Complaint, Cal. Pen. Code § 637.2(d)(1) was amended to state that, "[a]n action against a private actor for a violation of Section 638.51 alleged to arise from conduct occurring on an internet website, online application, or mobile application may be brought under this section only by the Attorney General." Furthermore, this removal of a private right of action shall "apply retroactively to any pending claim in an action commenced within two years before the operative date of that legislation." Cal. Pen. Code § 637.2(d)(2). These amendments operate to defeat Count 3 as a matter of law.

151. Paragraph 151 consists of legal conclusions, to which no response is required. To the extent a response is required, Ameritas denies the allegations in paragraph 151.

152. In response to paragraph 152, Ameritas states that this paragraph consists of excerpts from a statute. The statute speaks for itself, and Ameritas denies the allegations in this paragraph to the extent that they are inconsistent with the statute.

153. Paragraph 153 consists of legal conclusions, to which no response is required. To the extent a response is required, Ameritas denies the allegations in paragraph 153.

154. Ameritas denies the allegations in paragraph 154.

155. Ameritas denies the allegations in paragraph 155.

156. Ameritas denies the allegations in paragraph 156.

157. Paragraph 157 consists of a description of the relief sought by Plaintiff, to which no response is required. To the extent a response is required, Ameritas denies that any relief is warranted under the complaint.

## COUNT 4
## BREACH OF CONTRACT

158. In response to this paragraph, Ameritas states that the breach of contract claim was dismissed by the court on September 10, 2026 (ECF 26), and so no response is required.

159. In response to this paragraph, Ameritas states that the breach of contract claim was dismissed by the court on September 10, 2026 (ECF 26), and so no response is required.

160. In response to this paragraph, Ameritas states that the breach of contract claim was dismissed by the court on September 10, 2026 (ECF 26), and so no response is required.

161. In response to this paragraph, Ameritas states that the breach of contract claim was dismissed by the court on September 9, 2026 (ECF 26), and so no response is required.

162. In response to this paragraph, Ameritas states that the breach of contract claim was dismissed by the court on September 9, 2026 (ECF 26), and so no response is required.

## COUNT 5
## CALIFORNIA UNFAIR COMPETITION LAW ("UCL")
## CAL. BUS. & PROF. CODE § 17200, ET SEQ.

163. Ameritas re-alleges and incorporates its responses to the prior paragraphs.

///

164. In response to paragraph 164, Ameritas states that this paragraph consists of characterizations of a statute. The statute speaks for itself, and Ameritas denies the allegations in this paragraph to the extent that they are inconsistent with the statute.

165. Ameritas denies the allegations in paragraph 165.

166. Ameritas is without sufficient information to admit or deny the allegations in paragraph 166, and therefore denies them.

167. Ameritas denies the allegations in paragraph 167.

168. Ameritas denies the allegations in paragraph 168.

169. Ameritas denies the allegations in paragraph 169.

170. Ameritas denies the allegations in paragraph 170.

171. Ameritas denies the allegations in paragraph 171.

172. Ameritas denies the allegations in paragraph 172.

173. Ameritas denies the allegations in paragraph 173.

174. Ameritas denies the allegations in paragraph 174.

175. Ameritas denies the allegations in paragraph 175.

## RESPONSE TO PRAYER FOR RELIEF

In response to the paragraphs (a.) through (l.) of Plaintiff's prayer for relief, Ameritas alleges that no response is required. To the extent a response is required, Ameritas denies that Plaintiff is entitled to any relief whatsoever on an individual or class-wide basis.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof, persuasion, or production that it would not otherwise bear, and without conceding that any of the following is an affirmative defense rather than a matter on which Plaintiff bears the burden, Ameritas asserts the following separate and additional defenses to Plaintiff's Complaint and each claim therein. Each defense is pleaded in the alternative, and none constitutes an admission that Ameritas is liable to Plaintiff or any putative class member, that Plaintiff or any putative class member has been injured or damaged in any way, or that Plaintiff or any putative class member is entitled to any relief. Ameritas has not completed its investigation or discovery and reserves the right to amend these defenses.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

1. The Complaint, and each and every remaining cause of action therein, fails to state facts sufficient to constitute a claim upon which relief can be granted against Ameritas.

**SECOND AFFIRMATIVE DEFENSE**

**(No Article III Standing)**

2. Plaintiff's and the putative class members' claims are barred, in whole or in part, because they did not suffer a concrete and particularized injury-in-fact fairly traceable to Ameritas sufficient to confer standing under Article III of the United States Constitution.

**THIRD AFFIRMATIVE DEFENSE**

**(No Statutory Standing)**

3. Plaintiff's and the putative class members' claims are barred, in whole or in part, because they have not "lost money or property" as required for standing under California Business and Professions Code section 17204.

**FOURTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

4. Plaintiff's and the putative class members' claims are barred, in whole or in part, by the applicable statutes of limitations, including without limitation the one-year limitations period applicable to claims under the California Invasion of Privacy Act ("CIPA"), California Penal Code sections 631, 632, and 638.51, *see* California Code of Civil Procedure section 340, and the four-year limitations period applicable to claims under California Business and Professions Code section 17208. Any claim based on a visit, communication, or disclosure occurring outside the applicable limitations period is time-barred.

**FIFTH AFFIRMATIVE DEFENSE**

**(Consent and Authorization)**

5. Plaintiff's and the putative class members' claims are barred, in whole or in part, because Plaintiff and the putative class members expressly or impliedly consented to, or authorized, the conduct alleged in the Complaint, including the Privacy Policy, cookie banner and cookie settings,

terms of use, and other disclosures at www.ameritas.com (the "Website"), and through their continued use of the Website, including to apply for and obtain insurance and to review and manage claims, after notice of the Website's data practices.

**SIXTH AFFIRMATIVE DEFENSE**

**(Party to the Communication)**

6. Plaintiff's and the putative class members' CIPA claims are barred, in whole or in part, because Ameritas was the intended recipient of and a party to any communications Plaintiff and the putative class members made through the Website, including communications made to apply for and obtain insurance and to manage claims, and a party to a communication cannot unlawfully intercept, eavesdrop upon, read, or record its own communication.

**SEVENTH AFFIRMATIVE DEFENSE**

**(No Interception of Contents)**

7. Plaintiff's and the putative class members' claim under California Penal Code section 631(a) is barred, in whole or in part, because no person intercepted, read, attempted to read, or learned the "contents" of any communication while it was in transit or passing over any wire, line, or cable, and because any information allegedly transmitted to third parties, such as IP addresses, device identifiers, page-view or click data, and other metadata, does not constitute the contents of a communication within the meaning of that section.

**EIGHTH AFFIRMATIVE DEFENSE**

**(No Confidential Communication)**

8. Plaintiff's and the putative class members' claim under California Penal Code section 632 is barred, in whole or in part, because the communications at issue were not "confidential communications" within the meaning of that section, in that Plaintiff and the putative class members could not have objectively reasonably expected that their internet communications with a commercial website would not be recorded or retained, and because Ameritas did not use an electronic amplifying or recording device to eavesdrop upon or record any such communication.

///

///

**NINTH AFFIRMATIVE DEFENSE**

**(No Private Right of Action for California Penal Code section 638.51)**

9. Plaintiff's and the putative class members' claim under California Penal Code section 638.51 is barred in its entirety because CIPA was amended effective September 30, 2026, to eliminate any private right of action for "[a]n action against a private actor for a violation of Section 638.51 alleged to arise from conduct occurring on an internet website, online application, or mobile application." Senate Bill 690 applies retroactively to invalidate any pending claim under section 638.51 commenced within the two years preceding the operative date of the legislation. Plaintiff commenced this action within that period, and Plaintiff's section 638.51 claim, together with any associated claim for statutory damages under California Penal Code section 637.2 and any UCL claim predicated on an alleged violation of section 638.51, is therefore barred and extinguished, and must be dismissed as a matter of law.

**TENTH AFFIRMATIVE DEFENSE**

**(No Pen Register or Trap and Trace Device)**

10. Plaintiff's and the putative class members' claim under California Penal Code section 638.51 is barred, in whole or in part, because the technologies at issue are not a "pen register" or "trap and trace device" as defined in California Penal Code section 638.50, because any information collected did not consist of covered dialing, routing, addressing, or signaling information, because the technologies were used for the ordinary operation, maintenance, and improvement of the Website, and/or because Ameritas obtained the consent of the user.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(No Reasonable Expectation of Privacy)**

11. Plaintiff's and the putative class members' claims are barred, in whole or in part, because they had no legally protected privacy interest or reasonable expectation of privacy in the information at issue, which consisted of routine browsing, device, and transactional data voluntarily provided to Ameritas in the course of using a publicly accessible commercial website.

///

///

**TWELFTH AFFIRMATIVE DEFENSE**

**(Ordinary Course of Business)**

12. Plaintiff's and the putative class members' claims are barred, in whole or in part, because any alleged collection, use, or transmission of information occurred in the ordinary course of Ameritas's business, including to provide, secure, analyze, and improve the Website and to process insurance applications and claims.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Conduct of Third Parties; Intervening and Superseding Cause)**

13. Any harm alleged by Plaintiff and the putative class members was caused, in whole or in part, by the independent acts or omissions of third parties over whom Ameritas exercised no control, including third-party providers of the technologies identified in the Complaint, and such independent, intervening, and superseding conduct bars or diminishes any recovery against Ameritas.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(No Damages; Speculative Damages)**

14. Plaintiff's and the putative class members' claims are barred, in whole or in part, because they have not suffered any actual, cognizable damages, monetary loss, or diminution in the value of any property as a result of any act or omission of Ameritas, and any damages alleged are speculative, uncertain, and not compensable.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Causation)**

15. Plaintiff's and the putative class members' claims are barred, in whole or in part, because no act or omission of Ameritas was a legal or proximate cause of any injury alleged.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Waiver, Estoppel, and Ratification)**

16. Plaintiff's and the putative class members' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and ratification, including because Plaintiff and the putative class members continued to use the Website, to apply for and maintain insurance through it, and to manage claims through it, with notice of the Website's disclosed data practices.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Laches)**

17. Any equitable relief sought by Plaintiff and the putative class members, including under California Business and Professions Code section 17200 *et seq.*, is barred, in whole or in part, by the doctrine of laches, to the extent that they unreasonably delayed in asserting their claims to Ameritas's prejudice or used the Website for the purpose of manufacturing a claim.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

18. Any equitable relief sought by Plaintiff and the putative class members, including under California Business and Professions Code section 17200 *et seq.*, is barred, in whole or in part, by the doctrine of unclean hands, to the extent that they used the Website for the purpose of manufacturing a claim.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

19. Plaintiff's and the putative class members' claims are barred or reduced, in whole or in part, to the extent they failed to mitigate any alleged damages, including by failing to use readily available browser settings, the Website's cookie settings, or other tools to limit the collection of information they now challenge.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Adequate Remedy at Law)**

20. Plaintiff's and the putative class members' claims for restitution, injunctive relief, and other equitable relief, including under California Business and Professions Code section 17200 *et seq.*, are barred, in whole or in part, because Plaintiff and the putative class members have an adequate remedy at law.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(No Likelihood of Future Injury)**

21. Plaintiff's and the putative class members' claims for injunctive relief are barred, in whole or in part, because they cannot demonstrate a real and immediate threat of future injury.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Good Faith)**

22. Plaintiff's and the putative class members' claims are barred, in whole or in part, because Ameritas at all relevant times acted in good faith, without malice, willfulness, or intent to violate any law, and in substantial compliance with applicable law.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Bona Fide Error)**

23. To the extent any violation occurred, which Ameritas denies, it was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid such error, and Ameritas reasonably relied on its third-party technology providers' configurations and representations.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Unconstitutional Statutory Damages)**

24. Plaintiff's and the putative class members' claims for statutory damages under California Penal Code section 637.2, including on an aggregated class-wide basis, are barred or must be limited because any such award would be grossly disproportionate to any actual harm and would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 7 of the California Constitution, and the Excessive Fines Clauses of the Eighth Amendment to the United States Constitution and Article I, Section 17 of the California Constitution.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Double Recovery)**

25. Plaintiff's and the putative class members' claims are barred, in whole or in part, to the extent they seek to recover multiple times for the same alleged harm, whether under multiple statutory provisions or from sources other than Ameritas.

///

///

///

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Class Action Requirements Not Satisfied)**

26. This action may not be maintained as a class action because Plaintiff cannot satisfy the requirements of Federal Rule of Civil Procedure 23, including numerosity, commonality, typicality, adequacy, predominance, superiority, and ascertainability. Among other things, issues include whether any putative class member declined consent on the Website's cookie banner, which version of the banner and Privacy Policy was presented, what information (if any) was transmitted to any third party, whether the member used the Website for health-insurance or non-health products, and whether any claim is timely – all require individualized inquiries.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Class-Wide Due Process)**

27. Any attempt to adjudicate liability or damages on a class-wide basis, without affording Ameritas the opportunity to contest the individual claims and defenses of each putative class member, would violate Ameritas's rights under the Due Process Clause of the Fourteenth Amendment and its right to a jury trial under the Seventh Amendment to the United States Constitution.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(No Attorneys' Fees)**

28. Plaintiff's request for attorneys' fees is barred, in whole or in part, to the extent it lacks a basis in statute or contract.

**RESERVATION OF RIGHTS**

Ameritas presently lacks sufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses. Ameritas reserves the right to assert additional defenses, and to supplement or withdraw any of the foregoing, as warranted by discovery and further investigation, including defenses that may apply to individual putative class members should any class be certified. Plaintiff's breach of contract claim (Count 4) was dismissed by the Court's September 10, 2026 Order (Dkt. No. 26), and no response to it is required; to the extent any response is deemed required, Ameritas asserts each of the foregoing defenses as to that claim.

**PRAYER FOR RELIEF**

WHEREFORE, Ameritas prays for relief as follows:

1. That Plaintiff take nothing by the Complaint, and that the Complaint be dismissed with prejudice;
2. That no class be certified;
3. That judgment be entered in favor of Ameritas and against Plaintiff;
4. That Ameritas be awarded its costs of suit and reasonable attorneys' fees to the extent permitted by law; and
5. For such other and further relief as the Court deems just and proper.

Dated: November 2, 2026

MAYNARD NEXSEN LLP

By: */s/Charles K. Chineduh*
CHARLES K. CHINEDUH
Attorneys for Defendant
AMERITAS MUTUAL HOLDING COMPANY